RECEIVED
IN LAKE CHARLES, LA

MAY 11 2011

TONY R. MOORE, CLERK
BY_____
      DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL 106 HEALTH AND WELFARE FUND; PLUMBERS AND STEAMFITTERS LOCAL 106 PENSION FUND; AND PLUMBERS AND STEAMFITTERS LOCAL 106 DIRECT CONTRIBUTION FUND | DOCKET NO. 2:09 CV1940 |
| VS. | JUDGE MINALDI |
| ACE PLUMBING AND HEATING, INC. and ALPHA PLUMBING, INC. | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the Court is a Motion for Default Judgment, filed by the plaintiffs, Plumbers and Steamfitters Local 106 Health and Welfare Fund, et al. (collectively, either the plaintiffs or the "Funds") [Doc. 13].

### BACKGROUND

The plaintiffs' complaint alleges that the defendant, Ace Plumbing and Heating, Inc. ("Ace Plumbing"), entered into a collective bargaining agreement with Plumbers Local 106 Union on June 1, 2008. The contract required Ace Plumbing to pay monthly contributions for all employees performing bargaining unit work. The contract further bound Ace Plumbing to the terms of the Funds' Plans and Declarations of Trust.[1]

According to the complaint, Ace Plumbing sent a check to the Funds for contributions in April 2009. However, the check was returned for insufficient funds. Ace Plumbing then failed to remit contributions for May and June 2009. Since Ace Plumbing made no payments during those

---

[1] Am. Compl. ¶¶ 7-9 [Doc. 6].

months, the plaintiffs allege that Ace Plumbing is required to pay interest and penalties because of its non-compliance.[2]

In addition, the plaintiffs filed an Amended Complaint alleging that Alpha Plumbing, Inc. ("Alpha Plumbing") is the alter ego and successor of Ace Plumbing. According to the Amended Complaint, Alpha Plumbing is liable for all of Ace Plumbing's debts.[3]

The plaintiffs seek payment of all contributions due as well as interest on those contributions. Specifically, the total amount alleged to be due and owing for April to June 2009, including sums for interest and penalties, is $2487.41. In addition, the plaintiffs request that the defendants be ordered to: (1) pay liquidated damages; (2) pay reasonable attorneys fees and the costs of litigation; (3) file all remittance reports owed; and (4) submit to an audit of payroll and other relevant records at the defendants' cost.[4]

The plaintiffs filed this lawsuit on November 19, 2009. [R. Doc. 1]. A summons and complaint was served on Ace Plumbing on February 23, 2010. [R. Docs. 2 &3]. The plaintiffs filed their Amended Complaint on May 19, 2009. [R. Doc. 6]. The Amended Complaint was served on Alpha Plumbing and Ace Plumbing on May 27 and June 14, 2010, respectively. [R. Docs. 7-10]. The defendants did not file an answer. The plaintiffs moved for entry of default on July 29, and the clerk entered default on July 30, 2010. [R. Docs. 11 & 12]. The plaintiffs now move for entry of default judgment. [R. Doc. 13].

## LEGAL STANDARD

---

[2] Am. Compl. ¶ 9 [Doc. 6]. The cause of action is a collection proceeding against a Union contractor pursuant to both §§ 502 and 515 of the Employment Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. §§ 1109, 1132, & 1145 as well as § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 1085.

[3] Am. Compl. ¶¶ 10-11 [Doc. 6].

[4] Am. Compl. ¶ 14 [Doc. 6].

A default judgment may be entered against a party when it fails to plead or otherwise respond to the complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against a non-responsive defendant must proceed through a two-step process. First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. v. Rascator Mar. S.A .*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). Before the clerk may enter the defendant's default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). Beyond that requirement, however, the entry of default is largely mechanical.

Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). After the clerk enters default, the plaintiff may request the entry of judgment on the default. If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the request for a default judgment may be directed to the clerk. *See* Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009) (quoting *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam)). The entry of a default judgment is within the sound discretion of the district court. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir.1977);

*Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995); *Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

## ANALYSIS

This Court must determine whether a default judgment should be entered against defendants. Under ERISA, employers must contribute according to the agreed-upon multi-employer plan. In particular, ERISA mandates that

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Fiduciaries like the plaintiffs may bring a civil action to enforce the multi-employer plan and recover damages in the event a party breaches the agreement. 29 U.S.C. § 1132. Alter ego liability further enables ERISA trustees to recover delinquent contributions from a sham entity used to circumvent the participating employer's pension obligations. *See J. Vallery Elec., Inc v. N.L.R.B.*, 337 F.3d 446 (5th Cir. 2003) (finding alter ego bound to collective bargaining agreement); *Penntech Papers, Inc. v. N.L.R.B.*, 706 F.2d 18, 24 (1st Cir. 1983) ("An 'alter ego' finding . . . will bind a non-signatory to a collective bargaining agreement . . . ."); *see Central States, Se. and Sw. Areas Pens. Fund v. Sloan*, 902 F.2d 593 (7th Cir. 1990). Thus, the plaintiffs may recover damages against the alter ego of a signatory to the collective bargaining agreement.

The record shows that the defendants were served with process on May 27 and June 14, 2010 but have failed to plead or otherwise defend against the plaintiffs' claims. Indeed, the defendants have made no appearance at all despite having been mailed copies of the Clerk of Court's July 30, 2010 order of default judgment. Although default judgments are generally

4

disfavored, *see Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998), this Court finds that defendants' failure to appear or respond has made it impossible to achieve a "just, speedy, and inexpensive disposition" of this case on the merits. *Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The record is devoid of any excuse for defendants' failure to appear. Deeming the plaintiff's factual allegations admitted, *see Nishimatsu*, 515 F.2d at 1206, default judgment against the defendants is appropriate.

Since a default judgment is proper, it is this Court's duty "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12, (1944); *see also Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.") (internal citations omitted). Under 29 U.S.C. § 1132, "the court shall award the plan: (a) the unpaid contributions, (b) interest on the unpaid contributions, . . . (d) reasonable attorney's fees and cost of the action, to be paid by the defendant, and (e) such legal or equitable relief as the court deems appropriate." The amount of interest recoverable on unpaid contributions is determined by the rate provided under the plan. *Id.*

The plaintiffs allege damages in the amount of $2487.41. This amount represents the sum of payments that Ace Plumbing was required to make under the collective bargaining agreement, plus interest and penalties. The plaintiffs also request costs and attorney and an order from this court requiring the defendants to file all remittance reports owed and submit to an audit at the defendants' cost. Because the amount of damages is still uncertain, as the amount may depend

on evidence not presented (i.e., the costs of the audit and attorneys fees and costs), the plaintiffs must submit additional evidence as to the amount of damages. Accordingly, it is

ORDERED that the plaintiffs' Motion for Default Judgment is GRANTED;

IT IS FURTHER ORDERED that the defendants file all remittance reports and submit to the plaintiffs' requested audit. The determination of damages is stayed until the plaintiffs, by motion, request a determination of damages and submit evidence of damages.

Lake Charles, Louisiana, this _10_ day of _____May_____ 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE